[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10122

_____

D. C. Docket Nos.
05-00499-CV-OC-10-GRJ
00-06131-BK-JAF

In Re:      CHARLES V. LOWERY,
            SUZANNE H. LOWERY,

                                                          Debtors.

_____

CADLE COMPANY II, INC.,

                                                          Plaintiff-Appellant,

                              versus

CHARLES V. LOWERY,
SUZANNE H. LOWERY,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 9, 2007)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,[*] District Judge.

BARKETT, Circuit Judge:

Cadle Company II, Inc. is an unsecured creditor holding a $2,002,287.31 judgment against Charles and Suzanne Lowery who have filed for bankruptcy. In their bankruptcy proceedings, the Lowerys claimed that the life insurance policy that they purchased in 1988 was exempt from creditors. The bankruptcy and district court agreed, and Cadle appeals, arguing that those courts, although addressing its claim that the life insurance payments constituted constructive fraud as described in Section 726.106, failed to address its argument that the Lowerys had committed intentional fraud pursuant to Section 726.105 of the Florida Statutes. Cadle specifically argues that the district court erred in concluding that Cadle had waived any argument with reference to intentional fraud, saying that Cadle did not "cite or rely upon Section 726.105 in any filing before the Bankruptcy Court. Instead, Cadle exclusively relied on a section 726.106 constructive fraud theory."

Like the district court, we can find no explicit reference to Section 726.105, the intentional fraud section, in Cadle's filings with the bankruptcy court. However, Cadle did properly assert claims under Sections 222.29 and 222.30, both

[*] Honorable Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

of which generally prohibit creditors from claiming exemptions that result from fraudulent transfers under "chapter 726." We find that Cadle's invocation of those Sections, along with Cadle's allegations about the Lowerys' fraudulent intent, was sufficient to raise a claim of intentional fraudulent conveyance, which must be addressed.

**REVERSED** and **REMANDED** for further proceedings herewith.